# ADAM HEMBES
## v.
# HENRY FICK.

*Assault and Battery—Conflict of Evidence—Instructions—Exemplary Damages.*

In an action of trespass for an assault and battery, it is *held:* That the evidence supports the verdict for the plaintiff; and that, in view of all the evidence and instructions, there was no error in the instructions which affords sufficient ground for reversal.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for appellant.

The evidence in this case was conflicting, and, if the testimony of Sweitzer and Walter is to be believed at all, was very close upon the question of Hembes' striking Fick, and, consequently, every instruction given for the plaintiff should have been perfect and complete in itself, and so clear and free from ambiguity that the jury could not possibly have been misled by it.    Village of Warren v. Wright, 3 Ill. App. 602; C. & A. R. R. v. Murray, 62 Ill. 326; Baldwin v. Killian, 63 Ill. 550; I. C. R. R. Co. v. Moffit, 67 Ill. 431; C., B. & Q. R. R. v. Payne, 49 Ill. 499; Harvey v. Miles, 16 Ill. App. 533; Chicago, R. I. & P. R. Co. v. Harmon, 12 Ill. App. 54; C., B. & Q. R. R. Co. v. Dougherty, 110 Ill. 521; Town of Geneva v. Peterson, 21 Ill. App. 454.

Mr. JOHN C. KING, for appellee.

McALLISTER, J.    This was an action of trespass for an assault and battery brought by Fick against Hembes, Frenzel and Meyer.    Pleas, not guilty by all the defendants, and several special pleas, upon which issue was joined.    Verdict and judgment against all the defendants for $300 damages with costs. Hembes alone appealed.

Two points are made for reversal: 1. The verdict is against the clear weight and preponderance of the evidence. 2. The court erred in giving instructions to the jury on behalf of the plaintiff.

We have read the evidence and arguments of counsel.    The evidence tends to support the verdict and to lay the foundation for exemplary damages by showing a wilful, violent and unjustifiable assault and beating of plaintiff by the defendants. It is true there was countervailing testimony as respects Hembes.    But it is impossible for us to determine, without having seen the witnesses and heard them testify, that there was really any preponderance in Hembes' favor.    The first point is, therefore, clearly not sustainable.

We have examined the instructions complained of.    By the first the court directed the jury that if they found the defendants, or any of them, guilty, "then in assessing plaintiff's dam-

ages, the jury may take into consideration not only the bodily disability occasioned by the assault, if any is proved, but also any impairment of the plaintiff's general health, if such is proved, and which the jury believe, from the evidence, will affect or impair his future ability to attend to his ordinary business the same as if the injury complained of had not occurred."

The criticism upon that is, that it contains no reference, with sufficient definiteness, to the assault and battery as being the proximate cause of the impairment of the plaintiff's general health. The objection is not without force, but we are of opinion that it does not afford a sufficient reason, in view of all the evidence and instructions given in the case, for reversing the judgment.

The objection to the second and third instructions is in our opinion without force, because if the jury found the defendants guilty, it was, under the evidence, a case for exemplary damages.

The judgment will be affirmed.

*Judgment affirmed.*